UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| JILLETT L.,  )  | |
|   ) | |
| Plaintiff,  ) | |
|   ) | |
| v.  ) | No. 4:23-cv-00021-KMB-JMS |
|   ) | |
| MARTIN O'MALLEY,  ) | |
|   ) | |
| Defendant.  ) | |

### ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT

Presently pending before the Court is the Plaintiff's Motion for Attorney Fees under the Equal Access to Justice Act ("EAJA"), and a subsequently filed Joint Motion for Attorney Fees under the Equal Access to Justice Act. [Dkts. 22; 27]. The Plaintiff's Motion requests fees and costs in the amount of $11,762.07. [Dkt. 22 at ¶ 11.] The subsequently filed Joint Motion requests $11,232.58 and states that the lesser award is "a compromise settlement with the Commissioner." [Dkt. 27 at 1 n. 1.] For the reasons explained below, the Joint Motion, [dkt. 27], is **GRANTED**, and the Plaintiff's Motion, [dkt. 22], is **DENIED AS MOOT**.

### I. LEGAL STANDARD

The EAJA provides that a party who prevails against the government may recover reasonable attorneys' fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Parties seeking fees under the EAJA must have a net worth that is less than $2,000,000 at the time the civil action was filed, and an application for fees must be filed within thirty days of the judgment becoming final and be accompanied by an itemized statement from the

attorney stating the actual time expended and the rate at which fees and other expenses were computed. 28 U.S.C. § 2412(d)(1)(B) and (d)(2)(B).

## II. DISCUSSION

The Plaintiff prevailed in this action, the Plaintiff's Motion pleads that the Commissioner's decision was not substantially justified, and the Plaintiff's Motion was timely filed within thirty days of the judgment becoming final. [Dkts. 20; 21; 22 at ¶ 1.]; *Shalala v. Schaefer*, 509 U.S. 292 (1993) (judgment becomes final for purposes of the EAJA when the time to appeal has passed); Fed. R. App. P. 4(a)(1)(B) (the notice of appeal may be filed within 60 days of the judgment when one of the parties is a United States officer or employee sued in an official capacity). When this action began, Plaintiff had a net worth under $2,000,000. [Dkt. 22-3.]

Both motions are accompanied by an itemization of attorney and paralegal time (47.6 hours of attorney time and 1.4 hours of paralegal time). [Dkts. 22-1, 27-2.] In support of an hourly rate above the statutory maximum, the Plaintiff presents a consumer price index table, declarations from other attorneys who practice social security disability law in the region, and a data on billable hours from Legal Trends 2020. [Dkts. 22-2; 22-4 to 10.]

The Court finds that all statutory requirements under 28 U.S.C. § 2412 have been met and that the number of hours and hourly rates for the Plaintiff's attorney and paralegal are reasonable under the circumstances. *See Sprinkle v. Colvin*, 777 F.3d 421, 428 (7th Cir. 2015) (although the statutory rate for attorneys' fees under the EAJA is $125.00 per hour, 28 U.S.C. § 2412(d)(2)(A), "the EAJA's language about 'the cost of living' reflects an assumption that general measures like CPI [Consumer Price Index] will provide a reasonably accurate measure of the need for an inflation adjustment in most cases.").

Because the Parties have agreed to a slightly lower award in their Joint Motion than the Plaintiff previously requested in her unilateral motion, the Court will honor the Parties' compromise agreement and award the Plaintiff fees in the amount of $11,232.58. Accordingly, the Joint Motion, [dkt. 27], is **GRANTED**, and the Plaintiff's Motion, [dkt. 22], is **DENIED AS MOOT**.

### III. CONCLUSION

The Parties' Joint Motion for Attorney Fees under the EAJA, [dkt. 27], is **GRANTED**. The Plaintiff's previously filed unilateral motion, [dkt. 22], is **DENIED AS MOOT**.

The Plaintiff is awarded $11,232.58 in fees and expenses, and no costs, in full satisfaction of any and all claims that may be payable to plaintiff in this matter under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.

Any fees paid belong to plaintiff and not plaintiff's attorney and can be offset to satisfy any pre-existing debt that the litigant owes the United States. *Astrue v. Ratliff*, 560 U.S. 586 (2010). If Defendant can verify that Plaintiff does not owe a pre-existing debt to the government subject to the offset, defendant will direct that the award be made payable to Marvin & Associates, P.C., pursuant to the EAJA assignment duly signed by plaintiff. If payment is mailed, as compared to electronically deposited, it shall be mailed to counsel's address of record: 630 Davis Street, Suite 300, Evanston, Illinois 60201.

**So ORDERED**.

Date: 8/19/2024

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email